UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLIOT V. BRANDY, ) | Case No. 03cv641-BEN (BLM) |
| ) | |
| Petitioner, ) | **ORDER LIFTING STAY AND** |
| v. ) | **REQUIRING SUPPLEMENTAL** |
| ) | **BRIEFING** |
| A.A. LAMARQUE, Warden, et al., ) | |
| ) | |
| Respondents. ) | |
| ) | |

Petitioner is a state prisoner proceeding by and through his counsel, Vincent J. Brunkow and Federal Defenders of San Diego, Inc., on his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. No. 1. On November 28, 2006, the Court granted Petitioner's most recent request to continue the stay imposed in this case, and ordered Petitioner to file a written report detailing the status of his state court proceedings on or before February 16, 2007. Doc. No. 86 at 2. On December 22, 2006, Petitioner's counsel filed a status report notifying the Court that the California Supreme Court denied Petitioner's state habeas petition on December 13, 2006. Doc. No. 87 at 2. As such, counsel represented that Petitioner has now exhausted his available state remedies. Id.

1. **Lifting Stay**: In light of Petitioner's counsel's representations, and good cause appearing, the stay of the instant petition for writ of habeas corpus is **LIFTED**.

2. **Supplemental Briefing and Supplementation of the Record**: Rule 7 of the Rules Governing § 2254 Cases permits a district court to expand the record by directing parties to submit "additional materials relating to the petition." Rule 7, 28 U.S.C. foll. § 2254; see also Cooper-Smith v. Palmateer, 397 F.3d 1236, 1241 (9th Cir. 2005). Given the significant delay since the parties have submitted briefing of any kind on the claims presented in the instant habeas petition, and because multiple state courts have issued rulings on Petitioner's ineffective assistance of counsel claim after all such briefing was filed, the Court finds it appropriate to require supplemental briefing from both parties. Such supplemental briefing should address the current status of the case with regard to those claims articulated in the instant petition, see Doc. No. 1 (Petition), as well as Petitioner's ineffective assistance of counsel claim.[1] See Doc. Nos. 24 (Traverse), 34 (Petitioner's Supplemental Brief), and 61 (Supplemental Traverse). In particular, the

---

[1] Although the instant petition does not include a separate allegation of ineffective assistance of counsel, Petitioner asserts an ineffective assistance of counsel claim in his traverse. See Doc. No. 24. Moreover, on the Court's orders, Petitioner has not only submitted detailed supplemental briefing on this issue, but also has provided relevant discovery regarding this claim to Respondents. For their part, Respondents have submitted supplemental briefing addressing Petitioner's ineffective assistance of counsel claim. See Doc. No. 44 (Respondents' Reply to Petitioner's Supplemental Brief regarding Petitioner's Sixth Amendment Claim). As such, Respondents have long been aware of Petitioner's allegations of ineffective assistance. On this record, the Court finds it inappropriate to require Petitioner to file a formal amendment to his habeas petition to include his previously articulated ineffective assistance of counsel claim.

supplemental briefing should include any factual or legal updates relevant to the aforementioned claims, and any modification of the positions advanced by the parties in all briefing previously submitted to the Court.

Accordingly, Petitioner shall file his supplemental brief with regard to these issues on or before **January 26, 2007**. Respondents supplemental response is due on or before **February 23, 2007**. The matter will be taken under submission pursuant to Civil Local Rule 7.1(d)(1) and no appearances are necessary.

In addition, at the time Petitioner's supplemental brief is filed, Petitioner's counsel shall lodge with the Court all supplemental records bearing on the merits of Petitioner's claims. The lodgments shall be accompanied by a notice of lodgment which shall be captioned **"Notice of Lodgment in 28 U.S.C. § 2254 Habeas Corpus Case—To Be Sent to Clerk's Office."** At the time Respondents' supplemental response is filed, Respondents shall lodge with the Court any records not lodged by Petitioner's counsel which Respondents believe may be relevant to the Court's determination of the instant habeas petition.

**IT IS SO ORDERED.**

Dated: December 28, 2006

BARBARA L. MAJOR
United States Magistrate Judge

COPY TO:

HONORABLE ROGER T. BENITEZ
UNITED STATES DISTRICT JUDGE

ALL COUNSEL