UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLIOT V. BRANDY,<br><br>                              Petitioner,<br><br>vs.<br><br>A.A. LAMARQUE, Warden,<br><br>                              Respondent. | Civil No.   03CV641-BEN (BLM)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

**I.**

**INTRODUCTION.**

   Petitioner Elliot V. Brandy ("Brandy" or "Petitioner") commenced these habeas corpus proceedings pursuant to 28 U.S.C. § 2254. After unsuccessfully challenging his conviction in the state courts, Brandy, through his attorney, has now filed a petition for a writ of habeas corpus ("Petition") under 28 U.S.C. § 2254. He challenges his twenty-five-years-to-life sentence for petty theft with a prior conviction on federal constitutional grounds. *See* 28 U.S.C. § 2254 ("[A] district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court . . . .").

   Specifically, Brandy has two claims: (1) the trial court erred by denying his motion to appoint counsel to investigate his motion to withdraw his guilty plea and/or writ to set aside his guilty plea; (2) his sentence of twenty-five years to life for petty theft with a prior violates the Eighth

Amendment's prohibition against cruel and unusual punishment. After the matter was fully briefed, it was referred to the Honorable Magistrate Judge Barbara L. Major for Report and Recommendation ("Report"). *See* 28 U.S.C. § 636(b). Judge Major issued a thoughtful and thorough Report, finding Brandy's claims lacked merit and recommending that the Petition be denied.

Brandy only objects in part to Judge Major's findings and does not object Judge Major's denial of his Eighth Amendment claim. Respondent Lamarque does not object to the findings in the Report. The Court has made a *de novo* review of the Report. *See* 28 U.S.C. § 636(b)(1). Having done so, the Court **ADOPTS** the Report in full. As Judge Major found, Brandy has failed to show that the state court's decision was contrary to, or involved an unreasonable application of clearly established federal law. Accordingly, Brandy is not entitled to habeas relief, and his Petition is **DENIED**.

## II.

## FACTS.

The facts are detailed in Judge Major's Report. Brandy only objects in part to Judge Major's findings of fact. "The [C]ourt may . . . assume the correctness of that portion of the proposed findings of fact to which no objection has been made . . . ." *Coleman v. Wilson*, 912 F. Supp. 1282, 1297 (E.D. Cal. 1995); *see also U.S. v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989) ("If neither party contests the magistrate's proposed findings of fact, the court may assume their correctness and decide the motion on the applicable law."). Moreover, in reciting the facts, Judge Major relied on the state appellate court's opinion. Absent clear and convincing contrary evidence, these factual determinations are presumed correct. *See* 28 U.S.C. § 2254(e)(1) ("[A] determination of a factual issue made by a State court shall be presumed to be correct."); *see also Williams v. Rhoades*, 354 F.3d 1101, 1106 (9th Cir. 2004) ("We presume that state courts' . . . factual findings are correct in the absence of clear and convincing evidence to the contrary."); *Tinsley v. Borg*, 895 F.2d 520, 524 - 25 (9th Cir. 1990) ("[T]he state court's findings are entitled to a presumption of correctness on federal habeas corpus review. This rule applies to the factual findings of both state trial and appellate courts.").

Brandy argues that the Report contains six factual discrepancies. First, Brandy objects to the following statement in the Report: "Petitioner also fails to state a prima facie case by claiming in his declaration that he did not believe he would get a 'Three Strikes' sentence and that he 'felt deceived' by the sentence." *See* Doc. No. 35. Brandy suggests that "[t]his allegation . . . does not derive from 'Petitioner's declaration.'" However, the Court finds that the Report clearly and accurately relied on Brandy's declaration dated June 17, 2004, which was signed by Brandy himself. *See* Doc. No. 35. In this declaration, Petitioner does, in fact, state that he did not believe he would get a "three strikes" sentence, and that he "felt deceived." *See id.*

Second, Brandy challenges the Report's conclusion that his actions suggest that he "simply views withdrawing the plea as the next procedural step each time he receives an undesirable sentence." Brandy claims this conclusion is inaccurate because "at the time Mr. Brandy made the request he had not been sentenced on cocaine possession charge." Brandy's objection misses the mark, however. In his declaration, Brandy clearly acknowledged that, "after sentencing [he] contacted the court clerk to explain that [he] wanted to withdraw [his] plea." *See* Doc. No. 35. Furthermore, in making this statement, Judge Major apparently relied on the conclusion of the Court of Appeal's decision, which noted that Brandy's efforts to withdraw his guilty plea simply show that he was "unhappy with his sentence." *See* Report & Recommendation ("R&R") at 33 n.8. This Court must presume correct a "determination of a factual issue made by a State court." *See* 28 U.S.C. § 2254(e)(1).

Third, Brandy challenges the Report's conclusion that he "misrepresent[ed] the sequence of events" in his Second Supplemental Brief "by suggesting that he had the simultaneous choice between pleading guilty to petty theft with a prior and taking a nineteen year sentencing deal that involved pleading guilty to robbery." According to Brandy, he "made no such misrepresentation" because he did have this choice. To support this contention, Brandy relies on his former attorney's statement that there was a possibility the judge could consider reinstating the nineteen-year deal, if requested to do so. However, the Court's independent review of Petitioner's Second Supplemental Brief reveals that he did, in fact, attempt to represent to the Court that he had a simultaneous choice between these two deals. In reality, the government offered Brandy to plead guilty to petty theft at a

1  later date – *after* he had already rejected the prior offer. There is also no evidence in the record
2  suggesting that Brandy requested that any previous offers be reopened.

3  Fourth, Brandy maintains that the Report's statement that he "had not shied away from
4  addressing the court" is erroneous. R&R at 22 n.4. Nevertheless, the Court agrees with the Report's
5  conclusion on this collateral issue based on the evidence that the trial court (1) was clearly aware of
6  Brandy's intellectual abilities; (2) gave Brandy numerous opportunities to address the court; and (3)
7  took adequate steps to ensure Brandy's understanding and active participation in the proceedings.

8  Fifth, Brandy challenges the Report's conclusion that he failed to establish that he sought
9  new counsel due to a *conflict* with his attorney. *See* R&R at 25. After reviewing the record,
10 however, the Court agrees with the Report's finding. Brandy failed to offer any evidence from the
11 record to contravene this finding. Although he relies on his former attorney's statement to the trial
12 court that the attorney's "objective handling of the case will be at issue," this statement does not
13 support Brandy's contention. At best, it informed the court that Brandy was *dissatisfied* with his
14 former attorney. It was insufficient, however, to put the trial court on notice regarding a conflict or
15 to demonstrate that there was a conflict of interest.

16 Finally, Brandy claims that the Report erroneously concluded that "it does not appear from
17 the face of the motion that Petitioner himself ever sought to replace counsel." To support his claim,
18 Brandy relies on the following language in the motion presented to the trial court: "COMES NOW
19 Defendant Elliot V. Brandy and respectfully requests that this court appoint counsel[.]" Brandy
20 apparently perceives this standard language in the motion as inconsistent with the Report's
21 conclusion that he *himself* sought to replace counsel. In fact, the Report unambiguously cites to the
22 paragraph in the motion indicating that the motion was prepared at the initiative of Brandy's former
23 *attorney*, after Brandy asked the attorney "to get this plea back." *See* R&R at 21, n.3.

24 In sum, Brandy offers no evidence, much less clear and convincing evidence, to rebut these
25 factual findings in the Report. Accordingly, the Court adopts Judge Major's recitation of the facts in
26 full and refers to them to the extent necessary to analyze Brandy's claims and objections.

27
28

## III.

## **BRANDY IS NOT ENTITLED TO HABEAS RELIEF.**

**A.     Standard of Review.**

The Court's role in reviewing Judge Major's Report is set forth in 28 U.S.C. § 636(b)(1). Under this statute, the Court "shall make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]."  *Id.*; *Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations *de novo* if objection is made, but not otherwise.  Neither the Constitution nor the statute requires a district judge to review, *de novo*, findings and recommendations that the parties themselves accept as correct.").

Further, "[i]n 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (AEDPA).  In that Act, Congress placed a new restriction on the power of federal courts to grant writs of habeas corpus to state prisoners."  *Williams v. Taylor*, 529 U.S. 362, 399 (2000).  "AEDPA imposes a highly deferential standard for evaluating state-court rulings." *Boyd v. Newland*, 393 F.3d 1008, 1012 (9th Cir. 2004) (citations omitted).  "The highly deferential standard for evaluating state-court rulings reflects a respect for state courts as part of a co-equal judiciary and as competent interpreters of federal law." *Turney v. Pugh*, 400 F.3d 1197, 1200 (9th Cir. 2005).  Under the AEDPA, the Court may grant habeas relief if, and only if, the last reasoned state court decision on the contested issue "was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States[.]"  *Id.* (quoting 28 U.S.C. § 2254(d)(1)); *see also Wade v. Terhune*, 202 F.3d 1190, 1195 (9th Cir. 2000).

Habeas relief may also be granted if the state court's ruling "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).  However, "[t]o obtain federal habeas relief, [a petitioner] must first demonstrate that his case satisfies the condition set by § 2254(d)(1)."  *Williams*

*v. Taylor*, 529 U.S. at 403. As noted above, Brandy does not provide any clear and contrary evidence showing that the state court's determination of facts was unreasonable. *See Miller-El v. Dretke*, 545 U.S. 231, 240 (2005) (For purposes of Section 2254(d)(2), "we presume the [state] court's factual findings to be sound unless [petitioner] rebuts the 'presumption of correctness by clear and convincing evidence.'"). Thus, only subsection (d)(1) of Section 2254 is at issue.[1]

Turning to that subsection, a state court decision is "contrary to" the Supreme Court's precedent or existing federal law if it is "'diametrically different,' 'opposite in character or nature,' or 'mutually opposed'" to the Supreme Court's precedent. *Taylor*, 529 U.S. at 405. "The text of § 2254(d)(1) therefore suggests that the state court's decision must be substantially different from the relevant precedent of the [Supreme] Court." *Id.* "A state-court decision will also be contrary to th[e] Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Id.* at 406.

"By contrast, the mere failure to identify expressly the correct legal standard does not render the state court's decision 'contrary to' clearly established federal law as determined by the Supreme Court so long as the state court's reasoning and result are not 'contrary to' that precedent." *Fowler v. Sacramento County Sheriff's Dept.*, 421 F.3d 1027, 1035 (9th Cir. 2005); *see also Early v. Packer*, 537 U.S. 3, 8 (2002) (The state court's decision "does not even require *awareness* of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them.") (emphasis in original).

"A state court's decision can involve an 'unreasonable application' of Federal law if it either: 1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or 2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable." *Hernandez v. Small*, 282 F.3d 1132, 1142

---

[1] In support of his Petition, Brandy relies on a Declaration signed on June 17, 2004 and purportedly filed with the state court at that time. *See* Doc. No. 35, Ex. A. Notably, the record does not reflect that Brandy ever filed this Declaration with the state court, and Brandy was unable to provide evidence to the contrary.

1  (9th Cir. 2002). In that regard, the state court's decision must be "something more than merely
2  incorrect." *Fowler v. Sacramento County Sheriff's Dept.*, 421 F.3d at 1035. "The state court's
3  application of clearly established law must be objectively unreasonable." *Lockyer v. Andrade*, 538
4  U.S. 63, 75(2003). "[T]he range of reasonable judgment can depend in part on the nature of the
5  relevant rule . . . . The more general the rule, the more leeway courts have in reaching outcomes in
6  case by case determinations." *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). Significantly, "a
7  federal habeas court may not issue the writ simply because that court concludes in its independent
8  judgment that the relevant state-court decision applied clearly established federal law erroneously or
9  incorrectly. Rather, that application must also be unreasonable." *Taylor*, 529 U.S. at 411.

10  "'[C]learly established Federal law' . . . is the governing legal principle or principles set forth
11  by the Supreme Court at the time the state court renders its decision." *Lockyer*, 538 U.S. at 71-72.
12  "The statutory language plainly restricts the source of clearly established law to the Supreme Court's
13  jurisprudence." *Lambert v. Blodgett*, 393 F.3d 943, 974 (9th Cir. 2004).

14  "When applying this standard, [the Court] review[s] the last reasoned decision by a state
15  court." *Plumlee v. Sue del Papa*, 426 F.3d 1095, 1102 (9th Cir. 2005); *see also Williams v. Rhoades*,
16  354 F.3d 1101, 1106 (9th Cir. 2004). That decision here was the Court of Appeal's decision. The
17  Court must "presume that state courts know and follow the law." *Rhoades*, 354 F.3d at 1106.

18  "Finally, even if the state court's decision was contrary to, or an unreasonable application of,
19  clearly established federal law, habeas relief may still be denied absent a showing of prejudice."
20  *Medina v. Hornung*, 386 F.3d 872, 877 (9th Cir. 2004). "There are two forms of prejudice. Only a
21  small group of 'structural errors' are deemed so harmful that they warrant per se relief. The
22  overwhelming majority of trial errors are non-structural and do not trigger habeas relief unless the
23  error resulted in 'substantial and injurious effect or influence in determining the jury's verdict', or
24  unless the judge 'is in grave doubt' about the harmlessness of the error." *Id.* In other words, a
25  "determination that [a petitioner's] constitutional rights were violated does not end the inquiry."
26  *Dillard v. Roe*, 244 F.3d 758, 773-74 (9th Cir. 2001). "Thus, in determining whether this violation of
27  [a petitioner's] constitutional rights entitles him to habeas relief, [the Court] must ask 'whether the
28  error had a substantial and injurious effect' on the outcome of the trial." *Id.* "Under this standard of

review, [the Court] may not grant habeas relief unless [the petitioner] can establish that, as a result of the state trial court's error, he suffered 'actual prejudice'; i.e., that as a result of the error, the outcome of the trial was rendered fundamentally unfair." *Id.* Against this backdrop, the Court finds that Brandy is not entitled to habeas relief.

### B. The State Court's Decision Was Neither Contrary to, Nor an Unreasonable Application of, Existing Federal Law.

First, Brandy alleges that the Report erred by failing to apply the "appropriate inquiry" standard to the trial court's handling of his motion to substitute counsel. The Court finds, however, that Judge Major applied the correct legal standard to the issue of ineffective assistance of counsel. Specifically, the governing case law, on which the Report properly relied, applied the "adequate steps" analysis to the substitution of counsel issue. *See* R&R at 22 (citing *Campbell v. Rice*, 408 F.3d 1166, 1170 (9th Cir. 2005); *Holloway v. Arkansas*, 435 U.S. 475, 484 (1978)). Notably, "the statutory language [of § 2254] plainly restricts the source of clearly established law to the Supreme Court's jurisprudence." *Lambert v. Blodgett*, 393 F.3d 943, 974 (9th Cir. 2004). Furthermore, "the mere failure to identify expressly the correct legal standard does not render the . . . decision 'contrary to' clearly established federal law as determined by the Supreme Court so long as the . . . court's reasoning and result are not 'contrary to' that precedent." *Fowler v. Sacramento County Sheriff's Dept.*, 421 F.3d 1027, 1035 (9th Cir. 2005) (en banc). Finally, even if – as Brandy claims – the "appropriate inquiry" standard articulated in *Schell v. Witek*, 218 F.3d 1017, 1025 (9th Cir. 2000), governs this case, the result remains the same. The state court "had a duty to inquire into the problems with counsel when they were first raised." *Plumlee v. Masto*, 512 F.3d 1204, 1211 (2008). Even under the *Schell* standard, the Court finds that the trial court made an appropriate inquiry into the substitution of counsel issue.

Second, Brandy alleges that he is entitled to a hearing on the merits of his conflict claim. He relies on the *Schell* decision to support this argument. However, as the Report correctly notes, the Court does not have an obligation to initiate an inquiry into the conflict issue unless "the defendant asserts directly or by implication that his counsel's performance has been so inadequate as to deny him the constitutional right to effective counsel." R&R at 19 (citing *People v. Molina*, 74 Cal. Appl.

1  3d 544, 549 (Cal. App. 2 Dist. 1977)). Furthermore, the *Schell* decision is not controlling here
2  because, among other reasons, the petitioner's attorney in that case had clearly informed the court
3  about the conflict. *See Schell*, 218 F.3d at 1021. Meanwhile, neither Brandy nor his attorney had
4  adequately informed the trial court about the alleged conflict. The Court, therefore, agrees with the
5  Report's conclusion that "[n]either Petitioner nor his attorney identified any specific conflicts or
6  inadequacies in counsel's representation." R&R at 20. "Unless the trial court knows or reasonably
7  should know that a particular conflict exists, the court need not initiate an inquiry." *Cuyler v.
8  Sullivan*, 446 U.S. 335, 347 (1980).

9        Finally, Brandy argues that the Report failed to apply *Nunes v. Mueller*, 350 F.3d 1045, 1050
10 (9th Cir. 2003), to the case at hand. As the Report correctly notes, however, the instant case is
11 different from *Nunes*. *See* R&R at 37. Stated simply, taken at face value, Brandy's ineffective
12 assistance of counsel claim fails in light of the evidence presented in the state court proceedings.
13 Unlike in *Nunes*, there is no "evidence in the record before the state court to support [the
14 petitioner's] assertions" regarding ineffective assistance of counsel in this case. *Id.* at 1054. Brandy
15 simply failed to "demonstrate that he had sufficient evidence for a reasonable fact-finder to conclude
16 with 'reasonable probability' that he would have accepted the plea offer, a probability 'sufficient to
17 undermine the result.'" *Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 694 (1984)).

18       Although Brandy now claims that there was "other evidence" in the record to support his
19 contention, Brandy did not even mention this issue to the trial court when he was addressing the
20 court after learning about his twenty-five-year-to-life sentence. Furthermore, the mere fact that
21 Brandy sought to withdraw his guilty plea does *not* indicate that he was deceived by his attorney into
22 pleading guilty. On the contrary, as the Report concludes, Brandy's attempt to withdraw his plea
23 simply suggests that he was unhappy with the sentence he received. Likewise, Brandy's contention
24 that he "quickly responded to his sentence" misstates the facts. In fact, Brandy did not immediately
25 notify the court about the alleged "deception" by his attorney. Rather, he did so nine days after the
26 court had imposed its sentence. *See* R&R at 9. Finally, Brandy's former attorney's request that a
27 new attorney be appointed does *not* suggest that Brandy was deceived into pleading guilty. Rather,
28 the attorney did what any prudent attorney would do after learning that his client was unhappy with

his representation – he tried to help the client obtain new representation.  In conclusion, there is simply no evidence on the record that Brandy's former attorney acted improperly and deceived Brandy into agreeing to plead guilty.

Brandy has failed to show that the state court's decision was contrary to, or involved an unreasonable application of clearly established federal law.  The Court, therefore, adopts Judge Major's Report in its entirety.

## IV.
## CONCLUSION

For the reasons above, the Court fully ADOPTS Judge Major's Report.  Brandy is not entitled to habeas relief, and his Petition is **DENIED**.  The Clerk shall close the file.

**SO ORDERED**.

DATED:  March 27, 2008

_____
Hon. Roger T. Benitez
United States District Judge